FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 DEC 11 PM 3:46
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CATHERINE HASTIE HAWKES, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 112-112 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,[1] | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Catherine Hastie Hawkes ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

---

[1] The Court takes judicial notice of the fact that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Carolyn W. Colvin as Defendant in this case. Nevertheless, for ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

I. **BACKGROUND**

Plaintiff applied for DIB on January 5, 2010, alleging a disability onset date of April 24, 2009. Tr. ("R"), pp. 104-05. The Social Security Administration denied Plaintiff's application initially, R. 49, and on reconsideration, R. 50. Plaintiff then requested a hearing before the Administrative Law Judge ("ALJ"), R. 23, and the ALJ held a video hearing on May 20, 2011. R. 23-47. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Mark Leaptrot, a Vocational Expert ("VE"). Id. On July 15, 2011, the ALJ issued an unfavorable decision. R. 7-22.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since April 24, 2009, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: neuropathy, nerve damage, heel spur, plantar fasciitis, disorders of the muscle ligament and fascia, carpal tunnel syndrome, and fibromyalgia (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform medium work[2] as defined in 20 C.F.R. § 404.1567(c) except occasional crouching, crawling, and climbing with respect to ladders, ropes, and scaffolds; and she must be provided the option to alternate sitting and standing, as she should not be required to sit for more than 20 minutes at a time nor stand for more than 15 minutes at a time without making adjustments. The claimant is unable to perform any past relevant work. (20 C.F.R. § 404.1565).

---

[2]"Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

2

> 5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including "information clerk" and "office mail clerk" (20 C.F.R. §§ 404.1569 and 404.1569(a)). Therefore, the claimant was not under a disability, as defined in the Social Security Act, from April 24, 2009, through July 15, 2011 (the date of the ALJ's decision). (20 CFR § 404.1520(g)).

R. 12-17.

When the Appeals Council denied Plaintiff's request for review on July 17, 2011, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by (1) failing to comply with Social Security Ruling 03-2p[3] in evaluating Plaintiff's Reflex Sympathetic Dystrophy ("RSD"), also referred to as Complex Regional Pain Syndrome and RSDS; (2) failing to give controlling weight to the opinions of Plaintiff's treating podiatrist, Dr. Brian Bennett; and (3) failing to provide a complete hypothetical question to the VE. (See generally doc. no. 11 (hereinafter "Pl.'s Br.").  Underlying these arguments, Plaintiff claims that the ALJ failed to find her RSD to be a severe impairment at Step Two of the evaluation process. Id. at n. 11. The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should be affirmed. (See generally doc. no. 12 (hereinafter "Comm'r's Br.").)

---

[3] Titles II & XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/complex Reg'l Pain Syndrome, SSR 03-2P, *1 (S.S.A Oct. 20, 2003).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

4

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues that the ALJ erred at step two of the sequential process by failing to consider her RSD as a "severe" impairment. Pl.'s Br., p. 15, n.11. Specifically, she asserts that she has been diagnosed with RSD by four different physicians and was found to have one or more objective signs of RSD to permit evaluation of her claim under SSR 03-2p,[4] but that the ALJ failed to discuss her RSD or whether it was a severe impairment at step two. Id. at 15. The Commissioner argues that the ALJ's severity analysis at step two of the sequential evaluation was proper because the ALJ sufficiently recognized Plaintiff's RSD by recognizing Plaintiff's complaints of lower extremity pain and pain throughout her body. Comm'r's Br., pp. 7-8. In addition, the Commissioner downplays the significance of the ALJ's step two determination, asserting that it is unimportant whether an ALJ classifies particular impairments as severe at step two so long as he finds the totality of impairments to be sufficiently severe to proceed to latter steps of the sequential process. Id.

---

[4] SSR 03-2p explains the Social Security Administration's policies "for developing and evaluating . . . claims for disability on the basis of [RSD]." SSR 03-2p, at *1.

5

Because the step two determination as to the severity of particular impairments has ramifications for the analyses to be undertaken in the subsequent steps, the Court does not endorse the characterization of step two set forth in the Commissioner's brief. Nevertheless, the question remains whether the ALJ's omission of Plaintiff's RSD from his step two determination of her severe impairments is supported by substantial evidence; if so, the ALJ's decision as to this issue must be affirmed.

### A. Standard for Severe Impairments

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. §§ 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects her ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v.

Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [her] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

B.  **The ALJ's Severity Determination as to Plaintiff's RSD Is Not Supported by Substantial Evidence**

Here, because he failed to provide any analysis as to Plaintiff's RSD at step two, the ALJ's decision is not supported by substantial evidence. In fact, RSD does not appear in the ALJ's step two discussion as either a severe or non-severe impairment, despite evidence that Plaintiff was diagnosed with RSD by four treating physicians. First, Dr. Bennett noted that Plaintiff had "early chronic regional pain syndrome" on August 4, 2009, and then definitively on October 1, 2009.[5] R. 233. Second, Dr. Igor Stojanov diagnosed Plaintiff with chronic pain syndrome on December, 3, 2009. R. 352-53. Next, Dr. Andrew Forgay diagnosed Plaintiff with complex regional pain syndrome in both legs on February 4, 2010. R. 307-08. Lastly, on December 7, 2010, Dr. Justin Bundy installed a Boston Scientific Spinal Cord Stimulator for "Reflex Sympathetic Dystrophy with chronic pain in the lower left extremity." R. 422. Furthermore, despite

---

[5]In fact, Dr. Bennett's diagnosis of RSD was the culmination of his extended evaluation of Plaintiff. The record reflects that Dr. Bennett completed four insurance disability forms on June 2, 2009, July 31, 2009, September 4, 2009, and October 1, 2009. R. 352-362. On the June 2, 2009 form, Dr. Bennett noted that Plaintiff could not stand up, and had moderate pain and swelling. R. 362. Further, he noted that she could return to work on July 20, 2009, in a walking cast. Id. On July 31, 2009, Dr. Bennett noted that plaintiff was unable to walk without severe pain and noted that she could return to work that same day with a restriction that she could only stand or walk less than one hour a day. R. 359. Moreover, Dr. Bennett referred Plaintiff to a pain management specialist for increasing pain. R. 358. On September 4, 2009, Dr. Bennett noted that Plaintiff had continued severe burning pain and was unable to walk or stand without severe pain. R. 356. Additionally, Dr. Bennett still restricted Plaintiff to "[s]eated work with less than 1 hour walking/standing daily." Id. Lastly, on October 1, 2009, Dr. Bennett noted that Plaintiff had continued and worsening burning pain that made her unable to walk or stand without severe pain. R. 353. Dr. Bennett restricted Plaintiff to the same modified duties as before. Id. It was on this final form that Dr. Bennett diagnosed Plaintiff with RSD. Id.

8

the operation by Dr. Bundy, Plaintiff has consistently stated that she still experiences significant restrictions from RSD. R. 15, 409.[6]

In addition, consistent with SSR 03-2p, there is evidence that Plaintiff had at least four clinically documented signs of RSD.[7] First, Dr. Bennett found swelling in Plaintiff's left arch on June 30, 2009. R. 220. Second, Dr. Bennett found "chronic swelling to the left extremity" on July 23, 2009. R. 222. Dr. Forgay found that "the toes of both feet are cool to touch she has a bluish modeling on both feet" on February 4, 2010. R. 307-08. Lastly, Dr. Jeffrey Bush found "some mild distal coolness to her toes" on September 16, 2010. R. 316-318. The Court acknowledges that the Plaintiff bears the burden of proof at step two, and therefore offers no opinion as to whether Plaintiff has met her burden based on the aforementioned evidence. However, in the absence of any such determination by the ALJ, the Court cannot affirm the Commissioner's decision.

The Commissioner goes to great lengths to argue why the ALJ might have found that the medical evidence did not establish Plaintiff's RSD as a severe impairment,

---

[6] "Transient findings are characteristic of RSDS/CRPS, and do not affect a finding that a medically determinable impairment is present." Volk v. Astrue, 3:11-CV-533-J-TEM, 2012 WL 4466480, at *3 (M.D. Fla. Sept. 27, 2012) (citing SSR 03-2p).

[7] RSD is a "chronic pain syndrome most often resulting from trauma to a single extremity" that is established by:

> [T]he presence of persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant and one or more of the following clinically documented signs in the affected region at any time: swelling; autonomic instability—seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), changes in skin temperature, and abnormal pilometer erection (gooseflesh); abnormal hair or nail growth (growth can be either too slow or too fast); osteoporosis; or involuntary movements of the affected region of the initial injury.

SSR 03-2p, at *4.

including a thorough discussion of the medical evidence in the record. Comm'r's Br., pp. 4-7. She additionally notes, among other things, that the ALJ properly found that Plaintiff had severe impairments and need not specifically reference RSD, and that the ALJ found during his RFC determination both that Plaintiff's subjective pain testimony was not credible and that Dr. Bennett's opinion was not credible based on its remote date and that it was not supported by the medical evidence. Id. at 7-14. The Commissioner argues that, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." Id. at 7-8 (citing Oldham v. Astrue, 509 F.3d 1254, 1256-57 (10th Cir. 2007)). However, the principle that an ALJ need not specifically refer to a diagnosis does not excuse the ALJ's failure to discuss, or even acknowledge, the evidence in the record of Plaintiff's consistent diagnosis of RSD and the corresponding evaluation of it under the proper legal standard, SSR 03-2p. Bernstein v. Astrue, 309-CV-17-J-34MCR, 2010 WL 746491, at *6 n.9 (M.D. Fla. Mar. 3, 2010) ("[T]he mere mention of diagnosis and symptoms which may be associated with RSD does not equate to an evaluation of the intensity, persistence, and limiting effects of Plaintiff's RSD.")

Additionally, the Commissioner's attempt to reweigh the medical evidence in an effort to justify the ALJ's decision is improper. Indeed, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239). Therefore, whatever the merits of the Commissioner's argument, the critical fact is that her argument was not made by the ALJ

10

at step two, and the Court declines this invitation to conduct a *de novo* review of the evidence with regard to Plaintiff's RSD, as such determination is for the ALJ, not this Court, to make in the first instance. See Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

C. **The ALJ's Failure to Consider Plaintiff's RSD at Step Two Undermines His Remaining Findings of Fact and Conclusions of Law**

In sum, because the ALJ failed to discuss Plaintiff's RSD at step two of the sequential analysis, a remand is warranted. If an ALJ fails to "adequately consider and address RSDS, in accordance with SSR 03-2p," the ALJ's determinations are undermined with respect to "medical opinion evidence, [p]laintiff's credibility, and the RFC determination." Volk v. Astrue, 2012 WL 4466480, at *4 (citing Hill v. Comm'r of Soc. Sec., 6:10-CV-46-ORL, 2011 WL 679940, at *11 (M.D. Fla. Feb. 16, 2011) ("[t]he ALJ's failure to evaluate RSDS in accordance with SSR 03-2p at step two of the sequential evaluation process necessarily undermines the ALJ's RFC assessment, credibility determination, and hypothetical question to the VE.")).[8]

---

[8]In light of its determination that the Commissioner's decision is not supported by substantial evidence due to the ALJ's failure to consider SSR 03-2p at step two of the evaluation process, the Court need not reach Plaintiff's remaining contentions. See Hill, 6:10-CV-46-ORL, 2011 WL 679940, at *11. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all respects. For example, the entirety of the relevant evidence must be taken into account in determining the severity of Plaintiff's alleged impairments and in assessing the Plaintiff's subjective complaints, the opinion of treating physicians, and RFC. See 20 C.F.R. § 404.1520(e); Holt, 921 F.2d at 1223 (*per curiam*); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) ("The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."). Furthermore, the underlying assumptions of any hypothetical questions presented to a VE must accurately and comprehensively reflect the claimant's characteristics. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 11th day of December, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).